UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIMAS GARZA,

    Petitioner,    Case Number: 1:06-10893-BC
             Honorable David M. Lawson

v.

JERRY HOFBAUER,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING SECOND PETITION FOR
WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

  The petitioner, Dimas Garza, a state prisoner currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of two counts of armed robbery following a jury trial in Wayne County Circuit Court and subsequently sentenced to life imprisonment for one count and twenty-five to fifty years' imprisonment for the other count. The petitioner alleges that his sentence was imposed based upon judge-found facts in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). The petitioner previously filed a habeas corpus petition challenging the armed robbery convictions. The Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), over which this Court lacks jurisdiction. The Court, therefore, will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

I.

  The petitioner was charged in Wayne County Circuit Court with first-degree felony murder, assault with intent to murder, and two counts of armed robbery. Prior to trial, the petitioner filed

a motion to quash the information with respect to the counts of first-degree felony murder and assault with intent to murder. The motion was denied. At the conclusion of the prosecution's case, the petitioner moved for a directed verdict with respect to the first-degree felony murder and assault with intent to commit murder counts. The trial court granted the motion. The jury returned a guilty verdict on the two counts of armed robbery.

The petitioner filed an appeal of right in the Michigan Court of Appeals, which affirmed the convictions. *People v. Garza*, No. 214695 (Mich. Ct. App. Jan. 23, 2001). He filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Garza*, 464 Mich. 871, 630 N.W.2d 621 (2001).

The petitioner then filed a petition for a writ of habeas corpus in this Court challenging his armed robbery convictions. That petition was assigned to the Honorable Gerald E. Rosen. In that petition, the petitioner argued that his right to due process was violated by the trial court's denial of his pre-trial motion to quash the felony murder and assault charges and that his attorney rendered ineffective assistance. The Court denied the petition, holding that both claims lacked merit. *Garza v. Pennell*, No. 02-71827 (E.D. Mich. Aug. 29, 2003) (Rosen, J.).

The petitioner has now filed the pending petition for a writ of habeas corpus, claiming that he is unlawfully detained because his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

II.

The petitioner already has filed a petition for a writ of habeas corpus challenging the convictions challenged in the present petition. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The petitioner's prior habeas corpus petition was adjudicated on the merits. The petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. *Id.*

### III.

The Court lacks jurisdiction over this successive petition for writ of habeas corpus, 28 U.S.C. § 2244(b)(3), and the matter must be transferred to the court of appeals.

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 9, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS